IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD D. DARDEN, #1290607, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-797-K-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge for judicial screening and case management. Upon review of the relevant pleadings and applicable law, and for the reasons detailed herein, the petition should be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2007, Petitioner pled guilty to aggravated sexual assault and was sentenced to 24 years' imprisonment. *State v. Darden*, No. F06-00984 (363rd Jud. Dist. Court, Dallas Cty., Feb. 23, 2007); Doc. 3. In 2018, Petitioner unsuccessfully sought state habeas relief, claiming that he was denied release on parole in violation of his due process rights because his time of incarceration and good time credits already equaled the sentence imposed. *Ex parte Darden*, No. WR-85,185-03 (Tex. Crim. App. Apr. 25, 2018) (denying relief without written order).[1]

On April 2, 2018, Petitioner filed the instant, *pro se* habeas petition, reiterating his due process claim. Doc. 3 at 6. As in the state habeas application, he asserts that he has a protected

---

[1] The docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-85,185-03&coa=coscca (last accessed May 10, 2018).

liberty interest in his earned good time credits and that the denial of parole "had the effect of altering the length of confinement." Doc. 3 at 6; Doc. 7 at 4, 9-10. Petitioner claims that the sum of his flat time served and good conduct/work time credits equals his 24-year sentence and, thus, that he must be released from confinement. Doc. 3 at 6.

## II. ANALYSIS

Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citing *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas)); *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas). Thus, he has failed to allege a constitutional violation. *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States").

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**SO RECOMMENDED** May 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3